United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

          Plaintiff,

    v.

CONSTANTIA CAPITAL LIMITED, et al.,

          Defendants.

Case No. 22-cv-01456-RS

**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO STAY, AND ORDER TO SHOW CAUSE**

      Plaintiff Scott Johnson is a person with disabilities who requires the use of a wheelchair. Johnson filed this suit under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") against the owners of King Chuan Restaurant. Defendants now move to dismiss Plaintiff's Unruh Act claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asking this Court to deny the exercise of supplemental jurisdiction. Defendants further move to stay proceedings on any surviving claims pending an ongoing civil lawsuit against Plaintiff's counsel filed by several California district attorneys. These motions are suitable for determination without oral argument. Civ. L.R. 7-1(b). The motion to dismiss Plaintiff's Unruh Act claim is granted, and the motion to stay proceedings on the surviving ADA claim is denied. Plaintiff is further ordered to show cause why his ADA claim should not be dismissed for lack of standing.

**I. BACKGROUND**

      Plaintiff avers that he visited King Chuan Restaurant, located in San Carlos, on two

United States District Court
Northern District of California

1   separate occasions over the span of seven months in 2021. During both visits, Plaintiff avers that

2   he encountered a lack of ADA-compliant accommodations inside the restaurant — in particular,

3   the absence of wheelchair-accessible dining surfaces, sales counters, paths of travel, and

4   restrooms. Plaintiff subsequently brought this suit, with the operative, first amended complaint

5   seeking both an injunction under the ADA and damages under the Unruh Act.

6                                               **II. LEGAL STANDARD**

7            Where a federal court has original jurisdiction over a claim, the court may exercise

8   supplemental jurisdiction over "all other claims that are so related to claims in the action within

9   such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.

10  § 1367(a). A claim is considered part of the same "case or controversy" as a federal claim when

11  the claims "derive from a common nucleus of operative fact and are such that a plaintiff would

12  ordinarily be expected to try them in one judicial proceeding." *Trs. of the Constr. Indus. &*

13  *Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th

14  Cir. 2003) (citations and internal quotation marks omitted). There are four statutory circumstances

15  in which a district court may decline supplemental jurisdiction over a claim:

16           (1) the claim raises a novel or complex issue of State law, (2) the claim

17           substantially predominates over the claim or claims over which the district court

18           has original jurisdiction, (3) the district court has dismissed all claims over which

19           it has original jurisdiction, or (4) in exceptional circumstances, there are

20           underlying reasons for declining jurisdiction.

21  28 U.S.C. § 1367(c). Declining supplemental jurisdiction due to "exceptional circumstances"

22  under § 1367(c)(4) should occur "only if the circumstances are quite unusual." *Exec. Software N.*

23  *Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled*

24  *on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

25  This decision is also informed by the underlying values of "economy, convenience, fairness, and

26  comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997).

27           Federal courts have broad discretion to grant stays of proceedings. In considering whether

28                                                          ORDER ON MOTION TO DISMISS, STAY, AND SHOW CAUSE
                                                            CASE NO. 22-cv-01456-RS

                                              2

a stay is appropriate, a court may consider the possible damage to the nonmoving party if a stay is

granted, the hardship or inequity to the moving party if a stay is denied, and "the orderly course of

justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Federal courts may grant a stay

in light of parallel civil or criminal proceedings, *see Herrera v. City of Palmdale*, 918 F.3d 1037 (9th

Cir. 2019), but "[a] stay should not be granted unless it appears likely the other proceedings will be

concluded within a reasonable time in relation to the urgency of the claims presented to the court."

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

## II. DISCUSSION

### A. Unruh Act Claim

Defendants move to dismiss Plaintiff's Unruh Act claim by applying the logic of *Arroyo v.*

*Rosas*, 19 F.4th 1202 (9th Cir. 2021). In *Arroyo*, the Ninth Circuit addressed a district court's

ability, under 28 U.S.C. § 1367(c)(4), to deny the exercise of supplemental jurisdiction over Unruh

Act claims brought by "high-frequency litigants." The panel concluded that California's

heightened pleading standards for Unruh Act claims brought by such plaintiffs — rules that were

enacted to "balance [the State's] objectives of allowing monetary relief, avoiding undue burdens

on businesses, and realigning undesirable incentives for plaintiffs," *Arroyo*, 19 F.4th at 1213 —

created an "exceptional circumstance" for the purpose of supplemental jurisdiction. In particular,

the panel reasoned that allowing high-frequency plaintiffs to pursue Unruh Act claims in federal

court had "created an end-run around California's requirements, thereby allowing a wholesale

evasion of th[e] critical limitations on damages relief under the Unruh Act." *Id.* (internal quotation

marks omitted). Plaintiffs seeking to avoid these requirements have, in turn, undoubtedly

contributed to the avalanche of new ADA cases in California federal courts in recent years. This

"unique confluence of California rules . . . presents 'exceptional circumstances' that authorize

consideration, on a case-by-case basis, of whether the 'principles of economy, convenience,

fairness, and comity . . . warrant declining supplemental jurisdiction." *Id.* at 1205.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Such "exceptional circumstances" are present here, as they have been in several cases in

2    this District brought by such high-frequency litigants in the months since *Arroyo* was decided.

3    *See, e.g.*, *Garcia v. Maciel*, 21-cv-03743-JCS, 2022 WL 395316 (N.D. Cal. Feb. 9, 2022); *Arroyo*

4    *v. Quach, Inc.*, 21-cv-08778-JST (N.D. Cal. Apr. 12, 2022); *Garcia v. Chul Shik An*, 21-cv-04906-

5    VC (N.D. Cal. June 21, 2022); *Johnson v. DK Hawaiian BBQ, Inc.*, 21-cv-09272-YGR (N.D. Cal.

6    June 24, 2022). Defendants assert, and Plaintiff does not deny, that Plaintiff is a "high-frequency

7    litigant" who would otherwise be subject to California's heightened procedural requirements had

8    this suit been filed in state court. Unlike in *Arroyo*, where the district court had already granted

9    summary judgment to the plaintiff on their ADA claim, the merits of the present case have not yet

10   been litigated. Given the identical comity concerns at play here, and in line with the dispositions

11   of similar cases in this Court, supplemental jurisdiction will not be exercised in this case.

12   Plaintiff attempts to cabin *Arroyo* to the Central District of California, arguing it is "governed

13   by fundamentally different procedures" than this Court, where General Order 56 governs the resolution

14   of ADA claims. Dkt. 26. There is simply no reason to believe *Arroyo*'s logic is so confined. While

15   General Order 56 prescribes, among other things, additional discovery requirements of litigants in

16   ADA cases, it is not designed to (and, indeed, does not) address the particular concerns that motivated

17   the California legislature to adopt heightened pleading standards for "high-frequency litigants." *See*

18   *also Maciel*, 2022 WL 395316, at *4–5 ("[C]omity does not permit this Court to substitute its

19   judgment for that of the California legislature in determining how best to achieve the legislature's

20   goals."). Plaintiff also overstates the concern that such continued dismissals from this Court will make

21   it "functionally impossible for a plaintiff to ever obtain a decision on the merits due to the relative ease

22   with which a defendant can simply claim mootness and evade the consequences of breaking [the

23   ADA]." Dkt. 26. First, ADA defendants must still overcome the bar of "voluntary cessation" in order

24   to argue that a claim has been mooted, *see, e.g.*, *Moore v. Saniefar*, No. 14-cv-01067-SKO, 2017 WL

25   1197407, at *6 (E.D. Cal. Mar. 9, 2017); and second, Plaintiff is still free to seek redress in state court.

26   **B. ADA Claim**

27   In addition to their motion to dismiss, Defendants move that any remaining claims be

28

1    stayed pending the resolution of *People of the State of California v. Potter Handy LLP*, No. CGC-

2    22-599079 (Cal. Super. Ct. Apr. 11, 2022).[1] That case, brought by the San Francisco and Los

3    Angeles District Attorneys, alleges that Potter Handy, LLP, has filed thousands of ADA/Unruh

4    Act claims against small businesses in order to extract quick financial settlements, in violation of

5    California law. While the Potter Handy firm represents Plaintiff in this action, and Plaintiff

6    himself is mentioned throughout the *Potter Handy* complaint, Plaintiff is not a defendant in that

7    action. *Potter Handy*, Defendants argue, "necessarily will affect the viability of [Plaintiff's] claims

8    here" and will affect his ability to participate in the present case. Dkt. 25. Defendants further argue

9    that the principle of judicial economy "strongly favors a stay." *Id.*

10          Defendants have not met their burden for showing why a stay should be granted in this

11   case. First (and perhaps dispositively), Defendants have provided no basis for determining that

12   *Potter Handy* will be concluded within "a reasonable time." *See Leyva*, 593 F.2d at 864. The

13   complaint in that case was filed only in April 2022, and the case remains in its early stages. There

14   is no practical way to assess when it will be concluded. Second, Defendants do not address the

15   hardship, if any, that may befall Plaintiff as the result of a stay. Plaintiff, after all, seeks injunctive

16   relief, and Defendants have not proven why he would not be prejudiced by a stay. Finally, even to

17   the extent Plaintiff may be required to testify in the *Potter Handy* case, Defendants have not

18   sufficiently shown that he will thereby be unable to prosecute his remaining ADA claim. Indeed,

19   the fact Plaintiff filed an amended complaint *after* the filing of the *Potter Handy* action suggests

20   his willingness to litigate this claim, despite the potential burden.

21                                        **III. CONCLUSION**

22          For the foregoing reasons, the motion to dismiss Plaintiff's Unruh Act claim is

23   GRANTED, and the claim is dismissed without prejudice to refiling the case in state court.

24   Defendant's motion to stay Plaintiff's remaining ADA claim is DENIED.

25

26   ───────────────────

27   [1] For the purposes of assessing their motion to stay, and given that the request is unopposed, Defendant's request for the Court to take judicial notice of the *Potter Handy* action is GRANTED.

28                                        ORDER ON MOTION TO DISMISS, STAY, AND SHOW CAUSE
                                          CASE NO. 22-cv-01456-RS

United States District Court
Northern District of California

1       Furthermore, given Plaintiff's vague averments included in the first amended complaint

2 concerning his plan to return to King Chuan Restaurant, Plaintiff is ordered to show cause why his

3 remaining ADA claim should not be dismissed under Rule 12(b)(1) due to lack of standing.

4 Plaintiff and counsel must respond within 21 days of this order. Failure to respond will result in a

5 dismissal of this action with prejudice.

6

7 **IT IS SO ORDERED**.

8

9 Dated: August 30, 2022

10 _____

     RICHARD SEEBORG

11      Chief United States District Judge

United States District Court
Northern District of California